# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# HUNTINGTON DIVISION

**WAYNE FISHER,**

    **PLAINTIFF,**

v.                                                            Civil Action No. 3:22-cv-00019 _____

**BIMBO BAKERIES USA, INC.,**
a Delaware Corporation;
**JOHN DOE and JANE DOE,** unknown
employees or officers of Bimbo Bakeries USA, Inc.;
and **DOE CORPORATION,** an unknown private
business organization,

    **DEFENDANTS.**

## COMPLAINT

COMES NOW the Plaintiff, Wayne Fisher, by and through his counsel, Stephen P. New and Amanda J. Taylor of the law firm New, Taylor & Associates, and Anthony J. Majestro of the law firm Powell & Majestro, and for his complaint against the Defendant, Bimbo Bakeries USA, Inc., hereby alleges and avers as follows:

**NATURE OF THE CASE**

1. The present case is a lawsuit brought by the Plaintiff, Wayne Fisher, whose wages have been improperly withheld and/or reduced by his employer, Bimbo Bakeries USA, Inc.

2. As a result of Bimbo Bakeries USA, Inc.'s withholding and/or reduction of wages, the Plaintiff, Wayne Fisher, has lost and continues to lose significant income.

3. Additionally, the present case is brought by the Plaintiff, Wayne Fisher, who was not paid the requisite minimum wage by his employer, Bimbo Bakeries USA, Inc.

4. As a result of Bimbo Bakeries USA, Inc.'s failure to pay the requisite minimum

wage, the Plaintiff, Wayne Fisher, has lost and continues to lose significant income.

5. Plaintiff, Wayne Fisher, seeks damages, punitive damages, injunctive relief, extraordinary relief, costs, attorneys' fees, and other relief as a result of Bimbo Bakeries USA, Inc.'s conduct described herein.

**PARTIES**

6. The Plaintiff, Wayne Fisher (hereinafter "Plaintiff"), is, and at all times relevant herein, was a resident of Fayette County, West Virginia. The Plaintiff maintains an address of PO Box 293, Mount Hope, West Virginia 25880. The Plaintiff is, and at times relevant herein was, employed by Bimbo and/or its predecessors in interest.

7. The Defendant, Bimbo Bakeries USA, Inc. (hereinafter "Bimbo"), is, and at all times relevant herein was, a corporation organized under the laws of the State of Delaware. Bimbo maintains offices and business operations throughout the State of West Virginia, including a local office which it operates under the name "Heiner's Bakery" located at 1300 Adams Avenue, Huntington, West Virginia 25704. Bimbo is, and at all times relevant herein was, authorized to and does conduct business in the State of West Virginia.

8. The names and capacities of the Defendants sued herein as John Doe, Jane Doe, and Doe Corporation are currently unknown to the Plaintiff, who therefore sues such Defendants by such fictitious names. Each of the Defendants designated herein as a John Doe, Jane Doe, or Doe Corporation is legally responsible in some manner for the unlawful acts referred to herein. The Plaintiff will seek leave of the Court to amend this Complaint to reflect the true names and capacities of the Defendants designated herein as Doe Defendants when such identities become known.

**JURISDICTION AND VENUE**

9. Pursuant to 28 U.S.C. § 1331, this Honorable Court has jurisdiction over the present case as the claims of the Plaintiff include, *inter alia*, federal questions relating to the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201, *et seq*.

10. Pursuant to 28 U.S.C. § 1332, this Honorable Court has jurisdiction over the present case as the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and the matter is between citizens of different states.

11. Pursuant to 28 U.S.C. § 1391, venue is proper in this Honorable Court because a substantial portion of the events or omissions giving rise to the claims occurred within this judicial district.

**FACTS**

12. The Plaintiff restates, realleges, and incorporates each and every allegation set forth in Paragraphs 1 through 11 of this Complaint as if fully set forth verbatim herein.

13. Bimbo is an employer within the meaning of the 29 U.S.C. § 203.

14. At all times relevant hereto, the Plaintiff was employed by Bimbo and acting within the scope of his employment.

15. During the time period relevant to this action, the Plaintiff was a driver and delivery-person for Bimbo.

16. As a driver and delivery-person, the Plaintiff was required to work a minimum of eight (8) hours per day, five (5) days per week.

17. The Plaintiff receives a base pay of Three Hundred Fifteen Dollars ($315.00) per week, regardless of the number of actual hours the Plaintiff works.

18. The Plaintiff did not and does not receive additional pay for hours worked in excess of forty (40) hours per week.

19. In addition to the base pay of Three Hundred Fifteen Dollars ($315.00) per week, the Plaintiff receives bonus and/or incentive pay based upon the number of products sold by retail stores to which he delivers.

20. The additional bonus and/or incentive pay received by the Plaintiff is based upon a mathematical formula created by Bimbo.

21. The mathematical formula created by Bimbo provides that the Plaintiff is to receive bonus and/or incentive compensation based upon the products sold by retail stores to which he delivers.

22. The amount to be received by the Plaintiff is based upon the wholesale price for each product as determined by Bimbo, but is credited only if a product is sold by the retail stores at the higher retail amount.

23. If products are not sold by retail stores and thus must be returned to Bimbo, the Plaintiff's account is charged for the unsold products; the amount charged is not, however, the wholesale price as used bonus and/or incentive credits but instead the higher retail price as sold by retail stores.

24. The formula developed by Bimbo for bonus and/or incentive credits and charges for unsold products unlawfully charges the Plaintiff for products that are not sold by retail stores.

25. In fact, Bimbo actually receives more for unsold products by charging the Plaintiff's account than it does for products actually sold by retailers.

26. After the unsold products are returned, Bimbo sells the previously unsold products

to third-parties, such as hog farms, thereby profiting even further from the Plaintiff's loss. The Plaintiff does not receive any money or other compensation from these third-party sales.

27. The Plaintiff has expressed concerns with management at Bimbo regarding the aforementioned issues with Bimbo's mathematical formula for bonus and/or incentive credits and account charges. However, those concerns were dismissed by management with no consideration or investigation.

28. The weekly base pay received by the Plaintiff does not equate to the federal minimum wage requirements.

29. Furthermore, the Plaintiff has never been paid time-and-a-half for hours in excess of forty (40) hours per week.

30. Bimbo's unlawful withholding and reduction of wages relating to returned products is so clear as to appear intentional.

31. Bimbo's failure to pay minimum wage is so clear as to appear intentional.

32. Bimbo's failure to pay overtime is so clear as to appear intentional.

33. The violations of law set forth herein are and were part of a continuing practice and continues to this day.

34. On or about June 4, 2021, Plaintiff and others filed a grievance through the Retail, Wholesale, and Department Store Union Local No. 21, AFL-CIO regarding the above stated activities of Defendants. The final resolution of this union grievance was that the Defendants had committed no acts in violation of the Collective Bargaining Agreement. (See, **Exhibit A**). Plaintiff disagrees with this finding. Plaintiff has exhausted all remedies available to him under the Collective Bargaining Agreement.

## COUNT I
## IMPROPER WITHHOLDING AND/OR
## REDUCTION OF WAGES FOR RETURNED PRODUCTS

35. The Plaintiff restates, realleges, and incorporates each and every allegation set forth in Paragraphs 1 through 34 of this Complaint as if fully set forth verbatim herein.

36. The mathematical formula created by Bimbo was devised in such a way as to maximize the profits of Bimbo at the expense of the Plaintiff.

37. Specifically, Bimbo charges all returned products against the Plaintiff at the higher retail price as opposed to the wholesale price to retail stores, thereby reducing the wages paid to the Plaintiff and decreasing, or altogether eliminating, any losses suffered by Bimbo.

38. Thereafter, Bimbo sells the previously unsold products to third-parties and profits at the expense of the Plaintiff and.

39. As stated above, the mathematical formula developed by Bimbo for bonus and/or incentive credits and charges for unsold products unlawfully charges the Plaintiff retail prices for products that are not sold by retail stores.

40. The unlawful charges to the Plaintiff for unsold products constitute an unlawful reduction and nonpayment of wages under the FLSA.

41. Bimbo's violations of the FLSA are continuing and intentional.

42. Bimbo is liable to the Plaintiff in the amounts unlawfully reduced, deducted, or eliminated from, or charged against, his wages for unsold products.

43. Bimbo is liable to the Plaintiff for attorney's fees and costs as a result of Bimbo's refusal to pay the Plaintiff wages which he is properly due and owing.

## COUNT II
## FAILURE TO PAY MINIMUM WAGE PURSUANT TO U.S.C. §206

44. Plaintiff restates, realleges, and incorporates each and every allegation set forth

in Paragraphs 1 through 43 of this Complaint as if fully set forth verbatim herein.

45. Federal minimum wage requirements are governed by 29 U.S.C. §206.

46. Effective July 24, 2009, the federal minimum wage was not less than Seven Dollars and Twenty-Five Cents ($7.25) per hour.

47. The base pay rate paid by Bimbo to the Plaintiff at all times herein was less than the required minimum wage.

48. Bimbo's violations of FLSA regarding failure to pay minimum wage are continuing and intentional.

49. Bimbo is liable to the Plaintiff for the amount of his unpaid minimum wages.

50. Bimbo is liable to the Plaintiff for attorney's fees and costs as a result of its failure to pay the Plaintiff minimum wage.

## COUNT III
## FAILURE TO PAY OVERTIME WAGES PURSUANT TO 29 U.S.C. §207

51. Plaintiff restates, realleges, and incorporates each and every allegation set forth in Paragraphs 1 through 50 of this Complaint as if fully set forth verbatim herein.

52. Federal overtime requirements are governed by 29 U.S.C. §207.

53. Bimbo is subject to the overtime provision of the FLSA.

54. Bimbo has regularly required the Plaintiff to work in excess of forty (40) hours per week.

55. Bimbo did not compensate the Plaintiff for his work in excess of forty (40) hours per week at a rate of one and one-half times the regular rate at which he was employed.

56. Bimbo's violations of the FLSA regarding refusal to pay overtime are continuing and intentional.

57. Bimbo is liable to the Plaintiff in the amount of his unpaid overtime compensation.

58. Bimbo is liable to the Plaintiff for attorneys' fees and costs as a result of Bimbo's failure to compensate the Plaintiff for overtime.

## COUNT IV
## UNJUST ENRICHMENT

59. The Plaintiff restates, realleges, and incorporates each and every allegation set forth in Paragraphs 1 through 58 of this Complaint as if fully set forth verbatim herein.

60. By improperly withholding or reducing the wages of the Plaintiff for products returned from retail stores as unsold, Bimbo has repeatedly taken property and monies from the Plaintiff.

61. By improperly withholding or reducing the wages of the Plaintiff for products returned from retail stores as unsold, Bimbo has converted property which belongs to the Plaintiff to its own use.

62. By improperly withholding or reducing the wages of the Plaintiff for products returned from retail stores as unsold, Bimbo has unjustly enriched itself.

63. By failing and/or refusing to pay the Plaintiff minimum wage, Bimbo has repeatedly taken property and monies from the Plaintiff.

64. By failing and/or refusing to pay the Plaintiff minimum wage, Bimbo has converted property which belongs to the Plaintiff to its own use.

65. By failing and/or refusing to pay the Plaintiff minimum wage, Bimbo has unjustly enriched itself.

66. By failing and/or refusing to pay the Plaintiff requisite overtime wages, Bimbo has repeatedly taken property and monies from the Plaintiff.

67. By failing and/or refusing to pay the Plaintiff requisite overtime wages, Bimbo has converted property which belongs to the Plaintiff to its own use.

68. By failing and/or refusing to pay the Plaintiff requisite overtime wages, Bimbo has unjustly enriched itself.

69. As a direct and proximate result of Bimbo's actions and conduct, the Plaintiff have incurred economic damages and non–economic damages, and said economic damages and non-economic damage will continue in the future.

70. It would be inequitable and unconscionable to allow Bimbo to continue to benefit at the expense of the damages suffered by the Plaintiff.

## COUNT V
## FRAUD

71. Plaintiff restates, realleges, and incorporates each and every allegation set forth in Paragraphs 1 through 70 of this Complaint as if fully set forth verbatim herein.

72. The mathematical formula created by Bimbo was devised is such a way as to maximize the profits of Bimbo at the expense of the Plaintiff.

73. Specifically, Bimbo charged all returned products against the Plaintiff at a higher price, thereby reducing the wages paid to the Plaintiff and decreasing, or altogether eliminating, any losses suffered by Bimbo. Stated alternatively, Bimbo placed the entire risk for unsold products on the Plaintiff.

74. Thereafter, Bimbo sold the previously unsold products to third-parties, thereby further profiting at the expense of the Plaintiff.

75. The mathematical formula created by Bimbo for unsold, returned products constitutes fraud.

76. By improperly withholding or reducing the wages of the Plaintiff for products returned from retail stores as unsold, Bimbo has committed fraud.

77. By failing and/or refusing to pay the Plaintiff minimum wage, Bimbo has committed fraud.

78. By failing and/or refusing to pay the Plaintiff requisite overtime wages, Bimbo has committed fraud.

79. As a direct and proximate result of Bimbo's actions and conduct, the Plaintiff has incurred economic damages and non–economic damages, and said economic damages and non-economic damage will continue in the future.

## COUNT VI
## PUNITIVE DAMAGES

80. The Plaintiff restates, realleges, and incorporates each and every allegation set forth in Paragraphs 1 through 79 of this Complaint as if fully set forth verbatim herein.

81. Bimbo's actions were willful, wanton, reckless, and intentional and demonstrate gross indifference to the rights of the Plaintiff.

82. The actions and conduct of Bimbo as described herein were intentional, outrageous, and reprehensible, and said actions and conduct were performed in bad faith with willful, wanton, and malicious intent and reckless disregard or indifference to the rights of the Plaintiff.

83. Punitive damages should be assessed by a jury to punish the actions and conduct of Bimbo and to deter and prevent similar bad faith conduct in the future.

84. To the extent supported by the evidence developed in the case *sub judice*, the Plaintiff seeks punitive damages to punish Bimbo and to deter similar bad faith conduct in the future.

**WHEREFORE**, the Plaintiff prays for the judgment to be entered upon Bimbo as follows:

(a) Whether Bimbo failed to pay the Plaintiff overtime as mandated by the FLSA;

(b) Economic and compensatory damages on behalf of the Plaintiff;

(c) Restitution;

(d) Actual damages sustained;

(e) Punitive damages;

(f) Declaratory relief, including but not limited to, a declaration that Bimbo is financially responsible for implementing and maintaining a system to prevent such actions as those described herein from happening in the future;

(g) Injunctive relief prohibiting Bimbo from misappropriating monies withheld from wages of the Plaintiff;

(h) Attorneys' costs and fees; and

(i) Any and all such other relief as this Honorable Court may deem just and proper.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

                                  **WAYNE FISHER**
                                  By Counsel,

/s/ Stephen P. New
Stephen P. New (WVSB # 7756)
Amanda J. Taylor (WVSB # 11635)
NEW, TAYLOR & ASSOCIATES
430 Harper Park Drive
P.O. Box 5516
Beckley, WV  25801
Telephone: (304) 250-6017
Facsimile: (304) 250-6012

and

/s/ Anthony J. Majestro
Anthony J. Majestro, Esq. (WVSB # 5165)
POWELL & MAJESTRO
405 Capitol Street, Suite P-1200
Charleston, WV 25301
Telephone: (304) 346-2889
Facsimile: (304) 346-2895